UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TRACY RIEGLE AND DAVID RIEGLE, | ) | |
| Plaintiffs, | ) | CAUSE NO.: 4:08-cv-74 |
| vs. | ) | |
| | ) | |
| MEIJER STORES LIMITED PARTNERSHIP, | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

Defendant, Meijer Stores Limited Partnership (hereinafter "Meijer"), in support of its Motion for Summary Judgment respectfully submits:

## I. Statement of Material Facts Not in Dispute

For the purpose of this summary judgment motion only, Meijer accepts the facts as alleged by Tracy and David Riegle as undisputed:

On August 9, 2006, Tracy Riegle was a business invitee at the Meijer store located at 4901 State Road 26 E, Lafayette, Tippecanoe County, Indiana. (Complaint for Damages, Dkt. 1 attachment 1, ¶s 1 and 4 and Exhibit A, Tracy Riegle Depo.pg.6, lines 10 – 17.) Ms. Riegle was in the produce department. (Exhibit G, Affidavit of Cashi Stewart Dexter,¶ 4 with attached Exhibit G-E, August 9, 2006 Guest Accident or Injury Report and Exhibit G-G, Supplemental/Report.) Ms. Riegle was walking around the watermelon box which was on a wooden pallet. (Tracy Riegle Depo.pg.46, lines 10- 11and and photographs taken by Cashi Stewart, Exhibits G-B and G-C.) Ms. Riegle walked around the side of the watermelon box. (Tracy Riegle Depo.pg.47, lines 15-17.) At the time she was cut, Ms. Riegle was pushing a shopping cart and walking around [the watermelon display]. (Tracy Riegle Depo.pg.58 lines 13-15.) Immediately before Ms. Riegle felt something on her shin she was going around the box to pick up watermelons. (Tracy Riegle Depo.pg.51, lines 2-4.) As Ms. Riegle was going around the side of the pallet, she was thumping the watermelons in the box and felt something cut her, hit her and pain. (Tracy Riegle Depo.pg.46,

lines 8-13.) Ms. Riegle's eight (8) year old daughter, Courtany, looked down; saw blood and took a piece of wood off Ms. Riegle's skin. (Tracy Riegle Depo. pg.5, lines 17 – 23; pg.6, lines 18 – 22; and pg.46, lines 14-18.) Ms. Riegle does not know if it was the wooden pallet itself or a piece of wood sticking out from the pallet upon which she cut her shin. (Tracy Riegle Depo.pg.49, lines 23-pg. 50, line 1.) Ms. Riegle did not see a piece of wood sticking out from the pallet before she cut her shin. (Tracy Riegle Depo.pg.51, line 25- pg.52, line 5.) Ms. Riegle has "no clue" whether Meijer did or didn't do anything that caused her incident and injury. (Tracy Riegle Depo.pg.54, lines 6-10.) Ms. Riegle believes Meijer should have covered the corners better. (Tracy Riegle Depo.pg.54, lines 11-13.) The cut on Ms. Riegle's left shin was vertical; in the front of her shin and 15cm above her ankle. (Tracy Riegle Depo.pg.56, lines 13-16 and pg.57, lines 9-12; Exhibit A-Def's Ex D, three (3) photographs of Ms. Riegle's left leg and right foot, and Exhibit E, August 9, 2006 Home Hospital Emergency Department Evaluation.) Ms. Riegle does not know how she was cut vertically (rather than horizontally) while walking past the wooden pallet. (Tracy Riegle Depo.pg.57, lines 21-24.) The Riegles offer no explanation how Ms. Riegle was cut on the front of her shin; how her shin came in contact with the wooden pallet or alleged splinter as she walked past the pallet while pushing her shopping cart which would have extended wider than her gait or how she was cut so high on her shin when walking past the wooden pallet. Ms. Riegle denied standing or stepping onto the wooden pallet. (Tracy Riegle Depo.pg.51, lines 5-9.) Ms. Riegle denied being in the process of stepping onto the pallet. (Tracy Riegle Depo.pg.51, lines 10-12.) Ms. Riegle denied having stepped onto the pallet and her foot sliding off causing the vertical cut. (Tracy Riegle Depo.pg.57, line 25 – pg. 58, line 3.) Ms. Riegle denied stepping onto the green and red striped warning on the corners of the pallet. (Tracy Riegle Depo.pg.58, lines 6-7.)

Exhibits G-B and G-C show two (2) different corners of the watermelon box about which Ms. Riegle cut her shin. (Tracy Riegle Depo.pg.55, lines 2-4 and Exhibit G, Affidavit of Cashi Stewart Dexter, ¶s 6 & 7.) Exhibit G-C depicts the side and corner where Ms. Riegle cut her shin

on August 9, 2006. (Tracy Riegle Depo.pg.49, lines 12-15.)   Exhibit A-Def's Ex C, depicts with an asterisk -bottom center of the photograph- where on the wooden pallet Ms. Riegle believes she cut her shin. (Tracy Riegle Depo.pg.50, lines 2-12.)  Exhibit G-B does not depict where Ms. Riegle cut her shin. (Tracy Riegle Depo.pg.49, lines 16-19.) The red drip, circular marking and larger red blotch on the lower portion of the white watermelon box and on the wooden pallet depicted on Exhibit G-B are not Ms. Riegle's blood. (Tracy Riegle Depo.pg.45, lines 5-19 and pg.55, lines 2-4.) The yellow fork lift partially depicted in Exhibit's G-B and G-C and Exhibit A-Def's Ex C, was not present at the time of Ms. Riegle's incident. (Tracy Riegle Depo.pg.44, lines 9-19.) The pallet and watermelon box had to be removed immediately because Ms. Riegle dripped her blood onto the watermelons. (Tracy Riegle Depo.pg.53, lines 17-21.)

At the time of her August 9, 2006 incident at Meijer, Ms. Riegle had no feeling in both lower extremities due to pre-existing neuropathy (Tracy Riegle Depo.pg.14, line 20 – pg.15, line 22 and Exhibit E.) At the time of her August 9, 2006 incident at Meijer, Ms. Riegle had three (3) toes on her left foot amputated due to pre-existing medical conditions. (Tracy Riegle Depo.pg.15, line 25 – pg. 16, line 23 and Exhibit A-Def's Ex D.) Ms. Riegle has had total or partial amputations of four (4) toes on her right foot. (Tracy Riegle Depo.pg.16, line 24- pg. 17, line 3.) Her amputated toes affect her stability. (Tracy Riegle Depo.pg.19, lines 3-5.) Exhibit A-Def's Ex D depicts some of Ms. Riegle's amputated toes (right foot) and the vertical cut on her left shin sustained August 9, 2006 at Meijer. (Tracy Riegle Depo.pg.57, lines 9-12.) In 2001, both Ms. Riegle's knees were replaced. (Tracy Riegle Depo.pg. 39, line 22 – pg. 40, line 9.)

From August 9, 2005, one (1) year prior to Ms. Riegle's occurrence, to February 5, 2007, one hundred eighty (180) days after Ms. Riegle's occurrence, no other allegations of injury from the watermelon display were reported to or known by Meijer.  (Exhibit F, Meijer's Interrogatory Answer, # 23.)

## II. Summary Judgment Standard

In diversity cases, as is this litigation, the Seventh Circuit has stated that district courts are to follow federal summary judgment procedure, while adhering to state substantive law. *Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645 (7th Cir. 2006). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986); *Holmes v. Potter*, 552 F.3d 536, 538 (7th Cir. 2008). An issue of fact is material if it could affect the outcome of the case; as determined by substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986); *see also Hottenroth v. Village of Slinger,* 388 F.3d 1015, 1027 (7th Cir. 2004). An issue is genuine if a reasonable fact finder could find for the nonmoving party. *Id.* If there is a genuine issue of material fact, that is, evidence that would allow a reasonable jury to return a verdict for the nonmoving party, then summary judgment is not appropriate. *Anderson*, 477 U.S. at 248. However, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see also Hottenroth*, 388 F.3d at 1027.

When deciding a motion for summary judgment, the court must consider all evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. A*nderson*, 477 U.S. at 255. The moving party "bears the initial responsibility" of identifying specific facts within the record that "demonstrate the absence of a genuine issue of material fact." *Celoxtex*, 477 U.S. at 323. When a motion for summary judgment is made and properly supported, the nonmoving party may not rest on the pleadings or denials but must set forth specific evidence showing there is a genuine issue of material fact that requires a trial. Fed.R.Civ.P. 56(e). Specifically, the non-movant cannot avoid summary judgment by simply offering "self-serving

4

assertions without factual support". *Jones v. Merch. Nat. Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994); *See also: Hildebrandt v. Ill. Dept. of Natural Res.,* 347 F.3d 1014, 1036 (7th Cir.2003) ("Bare allegations not supported by specific facts are not sufficient in opposing a motion for summary judgment.") Fed.R.Civ.P 56(c) "mandates the entry of summary judgment" if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party would bear the burden of proof at trial." *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir. 1994); *quoting Celotex*, 477 U.S. at 323. Thereafter, the Court must apply the federal sufficiency of evidence standard in light of the substantive evidentiary standard. *Anderson,* 477 U.S. at 254.

### III. Argument

To prevail on their negligence claim, the Riegle's bear the burden of proof of three (3) essential elements:

> (1) that Meijer owed a duty to Ms. Riegle,
> (2) that Meijer breached its duty to Ms. Riegle, and
> (3) that the breach was the proximate cause of the Plaintiffs' injury.
> *Topp v. Leffers*, 838 N.E.2d 1027, 1032 (Ind.App. 2005) *trans. denied*.

Negligence will not be inferred; each essential element of the Riegles' negligence claim must be supported by specific factual evidence or reasonable inferences therefrom. *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind.App. 2000). The extent of a landowner's duty is determined by the status of the person at the time of injury. *Markle v. Hacienda Mexican Rest.*, 570 N.E.2d 969, 972 (Ind.App. 1991). A customer is an invitee, to whom a business owes it highest duty – the duty of reasonable care. *Burrell v. Meads*, 569 N.E.2d 637,639-41 (Ind. 1991) *reh'g denied*. It is the latter two (2) elements of the Riegles' negligence claim that are in dispute for purposes of this Motion for Summary Judgment. The Riegles' cannot establish (A) that Meijer breached its duty of reasonable care to Ms. Riegle or (B) that the wooden pallet or a wooden splinter therefrom was the proximate cause of Ms. Riegle's injury.

### A. Meijer did not breach its duty of reasonable care to Ms. Riegle.

Ms. Riegle was a customer on August 9, 2006 and Meijer owned and operated the Meijer store; therefore Meijer owed Ms. Riegle the duty of reasonable care. Indiana law is settled, the Restatement (Second) of Torts §343 (1965), defines the duty of reasonable care as:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, [the landowner]:
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and;
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and;
> (c) fails to exercise reasonable care to protect them against the danger.
> *Burrell*, 569 N.E.2d at 640.

Thus, to establish a breach of duty, the Riegles must prove each of the elements of the Restatement. The burden of proof in a negligence action is on the plaintiff. *Hi-Speed Auto Wash, Inc. v. Simeri,* 169 Ind.App. 116, 346 N.E.2d 607, 608 (Ind.Ct.App.1976). Furthermore, "[n]egligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, on *each element* must be designated to the trial court." *Hayden v. Paragon Steakhouse,* 731 N.E.2d 456, 458 (Ind.Ct.App.2000) (emphasis in original). An inference is not reasonable when it simply relies on mere speculation or conjecture. *Id.* The Riegles cannot prove any of the elements subjecting Meijer to liability.

There is a total lack of evidence that a condition existed presenting an unreasonable risk of harm. Ms. Riegle does not know if she cut her shin on a wood piece splintered from the wooden pallet or on the wooden pallet. The evidence regarding a splinter is that Ms. Riegle did not see a splinter from the wooden pallet before her injury. Ms. Riegle candidly admitted she saw a wood piece after she cut her shin. Her daughter, after seeing blood, saw and took a wood piece off Ms. Riegle's shin. It would be impermissible speculation to infer that a splinter existed before

Ms. Riegle's cut. Reasonable inferences must derive from specific factual evidence in the record. The Seventh Circuit explained, while all facts and reasonable inferences are to be construed in favor of the nonmoving party, this "does not extend to drawing 'inferences that are supported by only speculation or conjecture.' "*Argyropoulos v. City of Alton,* 539 F.3d 724, 732 (7th Cir. 2008) (citing *Fischer v. Avanade, Inc.,* 519 F.3d 393, 401 (7th Cir.2008) (citation omitted)).

It would be further speculation and conjecture to conclude a splinter existed for a time frame in which Meijer could have become aware of the splinter and taken steps to cure or warn of the splinter. *See Gupta v Caesars Riverboat Cassino, LLC*, 2009 WL 3681700, *5 (S.D.Ind. Oct. 13, 2009) granting defendant's summary judgment on the grounds that the plaintiff, a patron of the defendant, had failed to establish that the substance he allegedly slipped on was large enough **or had been present for long enough** to raise a genuine issue of material fact as to the defendant's negligence under Indiana law. (*emphasis added*.)

Similarly, there is no evidence the existence of a wooden pallet with a large, brightly illustrated white box positioned in a store aisle is a hazardous condition. There is no evidence Meijer knew or should have known a watermelon display as that depicted in Exhibits G-B and G-C presented a hazardous condition. The sole evidence is that in the year prior to Ms. Riegle's incident, Meijer had no other allegations of injury reported or known from the watermelon display.

Furthermore, Exhibits G-B and G-C, show Meijer took reasonable care to warn. The photographs depict a brightly illustrated watermelon box on all sides with large red, white and green arrows pointing to the corners of the wooden pallet which were substantially covered by large brightly painted red and green stripes. The clear purpose of the bright illustrations, arrows and striped flaps covering the wooden pallet corners is to draw attention. Ms. Riegle conceded the purposes of the big arrows pointing down are to warn to "watch your step". (Tracy Riegle Depo.pg.48, lines 18-20.)

Ms. Riegle has "no clue" what Meijer did or didn't do that caused her incident and injury. "An essential element in a cause of action for negligence is the requirement of a reasonable connection between a defendant's conduct and the damages which a plaintiff has suffered." *Daub v. Daub*, 629 N.E.2d 873, 877 (Ind. Ct. App. 1994). "The element of causation requires that the harm would not have occurred but for the defendant's conduct." *City of East Chicago v. Litera*, 692 N.E.2d 898, 901 (Ind. Ct. App. 1998). "The 'but for' analysis presupposes that, absent the tortious conduct, a plaintiff would have been spared suffering the claimed harm." *Daub*, 629 N.E.2d at 877. Ms. Riegle merely offers that the wooden pallet corners could have been covered better; but offers no opinion, lay or expert, regarding how a "better" cover would/could have altered the outcome of her experiencing a cut on her left shin. Meijer is not charged with the duty to insure invitee's safety while on the premises. *Hopper v. Colonial Motel Properties, Inc.,* 762 N.E.2d 181, 188-89 (Ind.Ct.App.2002). Yet, the basis of the Riegles' claim seems to be just that; that Meijer owes them monetary damages because Ms. Riegle was somehow injured while on Meijer's premises. The Riegles' claim must fail as there is no evidence of a breach of duty.

**B. Ms. Riegle cannot evidence the wooden pallet/splinter proximately caused injury.**

The Riegles' have the burden of proving the wooden pallet or a wooden splinter therefrom proximately caused Ms. Riegle's injury - rather than vice versa. Ms. Riegle points to a lighter coloration on the wooden pallet and speculates a piece of splintered wood sticking out from the pallet caused a vertical cut on the front of her shin 15 cm above her ankle. However, Ms. Riegle admittedly did not see a wood splinter sticking out from the pallet before she was cut. It is speculation that the lighter coloration on the wooden pallet depicted on Exhibit G-C and Exhibit A-Def's Exh C preexisted Ms. Riegle's presence; and just as logical to assume, Ms. Riegle's actions caused the lighter coloration splintered wood piece. Ms. Riegle's pre-existing medical conditions left her with no feeling in both lower extremities; adverse stability affect from surgical removal of toes on both feet and 2001 knee replacements in both knees. It is logical to infer

8

Ms. Riegle was not fully aware of her movements which could have caused the wood strip to splinter from the pallet.

The Riegle's offer no lay or expert opinion explaining how Ms. Riegle sustained a vertical cut on the front of her shin pursuant to her facts. When asked to explain how, while walking past or around the corner of the pallet pushing a shopping cart, the cut on her shin ended up going up and down versus side to side, Mr. Riegle could only speculate, "I believe that the piece of wood went in and it just – my skin just rips easy." (Tracy Riegle Depo.pg 56, line 23 to pg.57, line2.) When asked specifically to explain the <u>vertical</u> cut depicted on Exhibit A-Def's Ex D versus a cut side to side on her leg if she were walking past the pallet, Ms. Riegle conceded, "That I don't know." (Tracy Riegle Depo. pg. 57, lines 9 – 24.) The Riegles offer no evidence, lay or expert, how the front of Ms. Riegle's shin was cut as she walked past the pallet pushing her shopping cart. The Riegles offer no evidence, lay or expert, how Ms. Riegle's left shin could have come in contact with the wooden pallet or a splinter therefrom as her shopping cart extended wider than her gait. The Riegles offer no evidence, lay or expert, how the vertical cut on the front of her shin was 15 cm above her ankle if caused by the depicted wooden pallet or a splinter therefrom which sat on the floor. While all facts and reasonable inferences therefrom are to be construed in the light most favorable to the Riegle's, they are not relieved of the legal burden of proof and if it is clear they are unable to satisfy the legal requirements necessary to establish their case, summary judgment is not only appropriate, but mandated. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) and Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003).

The Court must grant summary judgment in this instance because a jury is not permitted to infer that Meijer was negligent merely because Ms. Riegle experienced a cut while at the Meijer store. This case is similar to another Indiana premises case, *Hale v. Community Hosp. of Indianapolis, Inc.,* 567 N.E.2d 842, 843 (Ind.Ct.App.1991), where a woman "felt as though she

stepped into a hole," but could not locate or identify the hole. In that case, the Indiana Court of Appeals granted summary judgment because the plaintiff's claim was based upon "speculation and conjecture." *Hale,* 567 N.E.2d at 843.

### IV. Conclusion

As detailed above, the Riegles cannot make any evidentiary showing that a hazardous condition presented by a wooden pallet or splinter therefrom; that Meijer could have reasonably known about the existence of a splinter in sufficient time to cure or warn of it; and that Meijer's brightly colored watermelon display did not warn of its presence. Nor can they provide evidence supporting the notion that Ms. Riegle's injury was proximately caused by the wooden pallet or a splinter therefrom as there is no evidence the splinter preexisted Ms. Riegle's actions and no explanation how the cut was vertical, on the front of her shin and 15 cm above her ankle if sustained while pushing a shopping cart walking past the wooden pallet. Such evidentiary failings are fatal to the Riegles' negligence claims; they completely lack sufficient evidence which could allow a jury to return a verdict in their favor without resorting to impermissible speculation. *See Collins v. Am. Optometric Ass'n*, 693 F.2d 636, 640 (7th Cir. 1982) ("[B]oth the courts of Indiana, and this circuit in interpreting Indiana law, have held that a jury's determination of proximate cause must be based upon provable facts and cannot be based upon mere guess, conjecture, surmise, possibility or speculation.")[internal quotation marks omitted]. Subsequently, Meijer is entitled to summary judgment dismissing the Riegles' lawsuit as a matter of law.

Respectfully submitted,

DEAN-WEBSTER, WRIGHT & KITE, LLP


By: *s/ Deanna A.. Dean-Webster*
Deanna A. Dean-Webster, #14537-48A
Attorneys for Defendant,
Meijer Stores Limited Partnership

# CERTIFICATE OF SERVICE

Service of the foregoing was made by electronic filing this 31st day of March 2011. Notice of this filing will be electronically sent to by operation of the Court's system to:

| | |
|---|---|
| Brian D. Larson | Charles P. Dargo |
| 9151 N. 1200 W. | 9151 N. 1200 W. |
| Demotte, IN 46310 | Demotte, IN 46310 |
| larson@bettercallmylawyer.com | dargo@bettercallmylawyer.com |

*s/ Deanna A. Dean-Webster*

Service of the foregoing was made by placing a copy of the same into the United States mail, postage pre-paid this 31st day of March 2011, addressed to:

Linda L Harris
Law Office of Linda L Harris PC
214 North 3rd St
Kentland, IN 47951

*s/ Deanna A. Dean-Webster*

Deanna A. Dean-Webster
DEAN-WEBSTER, WRIGHT & KITE, LLP
50 South Meridian Street, Suite 500
Indianapolis, IN 46204
(317) 624-1306
dean@dwwklaw.com