UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| TRACY RIEGLE AND DAVID RIEGLE, | ) | |
| Plaintiffs, | ) | CAUSE NO.: 4:08-cv-74 |
| vs. | ) | |
| | ) | |
| MEIJER STORES LIMITED PARTNERSHIP, | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Meijer Stores Limited Partnership (hereinafter "Meijer"), pursuant to N.D. Ind. L.R. 56.1(c), respectfully submits the following:

In its initial Memorandum In Support Of Motion for Summary Judgment (Dkt. 29), Meijer demonstrated that, given the evidence in the record, Plaintiffs have failed to provide evidence sufficient to carry their burden of proof at trial as to two elements of their negligence claim. Specifically, Plaintiffs have failed to come forth with evidence establishing that (1) Meijer breached its duty to Ms. Riegle; and (2) that such breach was the proximate cause of her injury; both essential elements of their claim. In *Celotex Corp v. Catrett*, the United States Supreme Court determined summary judgment to be mandatory "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party would bear the burden of proof at trial." 477 U.S. 317, 322 (1986).

In their response (Dkt. 39), Plaintiffs attempt to survive summary judgment based solely on allegation and speculation. Such arguments are insufficient to survive summary judgment: "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). The Seventh Circuit has held similarly: "Bare allegations not supported by specific facts are not sufficient in opposing a motion for summary judgment." *Hildebrandt v. Ill. Dept. of Natural*

*Res.*, 347 F.3d 1014, 1036 (7th Cir. 2003). In their response, Plaintiffs' offer only argument and allegations without supplying the requisite evidentiary support for their claims; thus Meijer is entitled to summary judgment as a matter of law.

**I. No Evidence of Breach**

Indiana has adopted the definition of the duty of reasonable care provided in Restatement (Second) of Torts § 343; in order to establish that Meijer breached its duty of reasonable care to Ms. Riegle[1], the Plaintiffs have the burden of proving:

> (1) Meijer knew or should have known of the condition of the pallet, and should have realized that it involved an unreasonable risk of harm to invitees; and
> (2) Meijer should have foreseen that such invitees would not discover or realize said danger, or would fail to protect themselves against it; and
> (3) Meijer failed to exercise reasonable care to protect such invitees against the danger.

*Burrell v. Meads*, 569 N.E.2d 637, 640 (Ind. 1991). Indiana law requires the Plaintiffs show evidence proving each of these elements: "Negligence will not be inferred; rather, specific factual evidence, or reasonable inferences that might be drawn therefrom, on *each element* must be designated to the trial court." *Hayden v. Paragon Steakhouse*, 731 N.E.2d 456, 458 (Ind. Ct. App. 2000) [emphasis in original]. The Plaintiffs failure to show evidence sufficient to carry their burden as to any one of these elements is fatal to their case: "[A] failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

A. No Evidence of Meijer's Knowledge

In their response, Plaintiffs fail to designate any evidence which could support a factual finding that Meijer had actual or constructive knowledge of any hazard presented to Ms. Riegle. Rather, Plaintiffs seem to propose that Meijer is charged with constructive knowledge of all potential hazards in its store because the display of "attractively arranged" items excuses

---

[1] Meijer conceded that Ms. Riegle was an invitee at the Meijer Store at the time of her incident, and therefore owed a duty of reasonable care. (Dkt. 29 p. 6).

Ms. Riegle from maintaining a lookout for her own safety. (Dkt. 39 at 3). To support this theory, Plaintiffs rely exclusively on *Golba v. Kohl's Dept. Store, Inc*, wherein the Indiana Court of Appeals held that summary judgment was precluded because the plaintiff had testified that she slipped on a "rounded object" and defendant could not establish its lack of constructive knowledge of the object, leaving a genuine issue of material fact. 585 N.E.2d 14 (Ind. Ct. App. 1992). However, Plaintiffs' reliance on *Golba* is twice-flawed: (1) the *Golba* court did not impute knowledge of the defect ("rounded object") to the defendant; and (2) the case does not support Plaintiffs' theory.

Under Indiana law, to prevail on summary judgment, the moving party must foreclose the existence of any genuine issue of material fact, as required under Indiana law. *Jarboe v. Landmark Cmty Newspapers of Ind.*, 644 N.E.2d 118, 123 (Ind. 1994).[2] This is the procedure upon which the *Golba* court based its reversal: the court did not impute constructive knowledge to the defendant because of the "risks inherent" in the "attractive arraignment" of the merchandise, but rather merely found summary judgment inappropriate because of the defendant's failure to foreclose the existence of a genuine issue of material fact. *Golba*, 585 N.E.2d at 17. Thus, the central focus of *Golba* is the defendant's failure to rule out all possibilities of negligence as required by Indiana's summary judgment procedures.

More importantly, *Golba* does not support the Plaintiffs' theory of absolving a customer from their own negligence thus abrogating the Indiana Comparative Fault Act as Plaintiffs argue. *Golba*'s *dicta* merely acknowledges that stores are not shielded from liability when one customer's negligent act creates a hazardous condition that subsequently injures a second

---

[2] This standard for summary judgment differs significantly from the federal standard. *See e.g. Maroules v. Jumbo, Inc.*, 452 F.3d 639, 645-46 (7th Cir. 2006) ("Federal courts may therefore grant summary judgment under [FRCP] Rule 56 upon concluding that no reasonable jury could return a verdict for the party opposing the motion, even if the state would require the judge to submit an identical case to the jury."). This explains why the Indiana Court of Appeals overturned summary judgment in *Golba* while the Seventh Circuit upheld summary judgment in the highly similar case *Buckner v. Sam's Club, Inc.*, 75 F.3d 290 (7th Cir. 1996).

customer, because the store has shifted a previously employee-only task to the customer. As the court quoted:

> The storeowner is not absolved of liability merely because tasks [previously performed by a clerk] which create hazards have been delegated to the consumer. Items which are dropped on the floor as a result of the transportation of goods from display to register are no less dangerous because it was the customer's carelessness which caused the dangerous condition. If the merchant has chosen such a method of operation, the law requires him to take reasonable care to protect *other customers* from the reasonably foreseeable risks inherent in his chosen marketing scheme.

*Id.* at 16 (*quoting Ciminski v. Finn Corporation, Inc.,* 537 P.2d 850 (Wash.App 1975)) [emphasis added]. *Golba* prevents a store from turning a blind-eye to customer-created hazards which endanger other patrons; *Golba* does not require Meijer "know" of Ms. Riegle's inattention. Consequently, as Plaintiffs' have failed to designate any evidence of, or provide any basis for, Meijer's knowledge of any hazard presented to Ms. Riegle, they cannot carry their burden of proof as to an essential element of their claim.

## B. No Evidence of a Non-Obvious, Unreasonable Hazard

Plaintiffs additionally cannot show evidence of a specific non-obvious, unreasonable hazard. Plaintiffs have designated no evidence which would support a jury's finding that (1) a hazard existed at the time of Ms. Riegle's incident; or that (2) any such hazard was not open and obvious. In their response, Plaintiffs' apparently concede their lack of evidence or argument which could support the existence of a non-obvious hazard by ignoring the issue; they instead abandon the argument that a real hazard existed and propose that the "hazard" which caused Ms. Riegle's injury was her inattention, caused by the store's "attractively placed" items, again relying on *Golba*. (Dkt. 39 at 4).

Ms. Riegle's inattention is not a "hazard" for which Meijer is responsible.[3] As discussed in the previous section, *Golba* does not support a theory relieving an invitee of their own carelessness; rather it requires the store maintain an awareness of the hazards such carelessness might pose other customers. *Golba*, 585 N.E.2d at 16. To the contrary, Indiana law establishes that the duty of reasonable care is not absolute - invitees are still charged with maintaining a lookout for dangers which are obvious: the Indiana Supreme Court has approvingly quoted Restatement (Second) of Torts § 343 A:

> (1) A possessor of land is not liable to his invitees for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

*Douglass v. Irvin*, 549 N.E.2d 368, 370 (Ind. 1990). Nor, does *Golba* abrogate the Indiana Comparative Fault Act limiting a plaintiff's recovery proportionately to his/her own negligence contributing to the injury; and further barring any recovery when the plaintiff was more than fifty-percent negligent. Despite Plaintiffs' argument, there is no basis in Indiana law for holding a retail store liable for the inattention of adult patrons and subsequent injuries involving open and obvious hazards.

Even if Ms. Riegle's inattention was a "hazard" for which Meijer could be held liable, no evidence in the record demonstrates the risks posed by such a "hazard" were foreseeable. Quite the opposite, the only evidence in the record details that no other incident with the pallet is known to have occurred in the year (1) prior to Ms. Riegle's cut, despite equivalently "distracting" surroundings. (Dkt. 33). Only two reasonable inferences can be drawn from such evidence: either (1) the "risk" posed by Ms. Riegle's inattention was non-existent or completely unforeseeable; or (2) Ms. Riegle was unreasonably inattentive, given that a year's worth of

---

[3] The practical implications of categorizing "inattention" as a hazard which a store must protect its customers from would be the abolishment of Indiana premises liability in favor of a new category of strict liability. Indeed, under the same mode of thought, one wonders if a city could be held liable for an automobile accident which occurred because of "attractively arranged" traffic lights distracting drivers, or if billboard advertisers would face an onslaught of litigation regarding the danger of inattention inherent in their "chosen method of operation."

customers before her were able to successfully avoid the large, brightly illustrated white box and pallet. Under either scenario there is no basis for concluding the existence of a foreseeable and unreasonable risk. As the Plaintiffs' have designated no evidence which would otherwise allow a jury to reasonably conclude that the pallet presented a non-obvious hazard, they cannot carry their burden of proof, precluding their ability to prevail on their claim.

### C. No Evidence of Meijer's Failure to Exercise Reasonable Care

Plaintiffs' response makes no attempt to designate any evidence that would allow a jury to do more than speculate as to whether or not Meijer failed to exercise reasonable care. Rather than designate any factual evidence, Plaintiffs rest upon their allegations arguing that a question of fact exists for jury determination. (Dkt. 39 at 4). However, Plaintiffs are required to show <u>specific evidence</u> of a <u>genuine</u> issue of material fact; "A genuine issue exists only if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999) (*citing Anderson*, 477 U.S. at 248). Plaintiffs have failed to offer any factual basis upon which a reasonable jury could return a verdict in their favor; rather they argue that Ms. Riegle's injury occurred and thus Meijer must be negligent. Such inference is impermissible under Indiana law. *See Cergnul v. Heritage Inn of Indiana, Inc.*, 785 N.E.2d 328, 331 (Ind.App., 2003) ("By the same token, negligence may not be inferred from the simple fact that an injury occurred."). Without any evidence upon which a jury could conclude any failure on Meijer's part, Plaintiffs cannot carry their burden of proof.

## II. No Evidence of Proximate Cause

Even if Plaintiffs could show evidence that Meijer breached its duty to Ms. Riegle, they fail to offer evidence to establish that such a breach was the cause of Ms. Riegle's injury. Causation is an essential element of the Plaintiffs' negligence claim. *See Topp v. Leffers*, 838 N.E.2d 1027, 1032 (Ind.App. 2005) *trans. denied*. However, rather than designating evidence which could support a finding of causation, Plaintiffs assert that Meijer has failed to meet its

burden on summary judgment, arguing that Meijer has (1) failed to designate evidence suggesting that it is impossible for Ms. Riegle to have received a vertical cut from the pallet, and (2) that Meijer is instead requesting the Court weigh the credibility of Ms. Riegle's testimony. (Dkt. 39 at 7). Neither of these arguments is sufficient to forestall summary judgment.

Plaintiffs' first argument misstates Meijer's burden on summary judgment. As the United States Supreme Court stated in *Celotex*, "[T]he burden on the moving party may be discharged by "showing" – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325. Accordingly, Meijer has discharged its burden by pointing out the absence of evidence supporting Plaintiffs' claim that Ms. Riegle's encounter with the pallet caused by her injury. (Dkt. 29 at 9). Plaintiffs' burden in response is to designate specific evidence showing a genuine issue of material fact; by not designating such evidence Plaintiffs' have failed to satisfy this burden.

Plaintiffs' second argument also mistakes the issue: Meijer need not ask the Court to weigh the credibility of Ms. Riegle's testimony because it is unfounded speculation of no probative value. In her deposition testimony, designated in Meijer's Memorandum in Support (Dkt. 29), Ms. Riegle states that she was "going around the side of the box" when she "felt something cut me, hit me, and there was a pain." (Dkt. 40-1 at 8; Tracy Riegle Depo, p. 47 ln. 10-13). However, Ms. Riegle subsequently admits no knowledge of how the pallet caused her injury at all: "I believe that the piece of wood went in and it just - - my skin just rips easy." (*Id.* at 10; Tracy Riegle Depo. p. 58 ln. 1-2). Furthermore, when asked to explain how she sustained a vertical cut while walking past the pallet; she testified, "That, I don't know." (*Id.* at ln. 20 – 24). Regardless of Ms. Riegle's credibility, such speculation cannot serve as the basis for any rational inference of causation. Plaintiffs have not shown evidence upon which a jury could rule in their favor, and cannot prevail on their claim against Meijer.

Conclusion

As discussed above, Plaintiffs have no basis to sustain their claim. They have not a factual showing that Meijer knew of a hazard; or that the hazard existed when Ms. Riegle was injured; or that Meijer failed to exercise reasonable care in protecting customers from the alleged hazard; or that an alleged breach of Meijer's duty was the proximate cause of Ms. Riegle's injury. Plaintiffs' failure to designate specific evidence as the basis for any <u>one</u> of these elements is fatal to their claim. *See Celotex*, 477 U.S. at 323. However, even viewing what scant evidence Plaintiffs have offered in the light most favorable to them, it is impossible to satisfy every element of their claim without resorting to impermissible speculation; "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008). In such instances, the Seventh Circuit has repeatedly held that summary judgment is mandatory: "It is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained." *Mason v. Cont'l Illinois Nat'l Bank*, 704 F.2d 361, 367 (7th Cir. 1983). Such is the case here: the only outcome possibly awaiting the Plaintiffs at trial is a directed verdict against them, as they cannot show evidence establishing either breach or causation, both essential elements of their claim. Accordingly, Meijer is entitled to summary judgment dismissing the Riegles' claim as a matter of law.

    Respectfully submitted,

    DEAN-WEBSTER, WRIGHT & KITE, LLP

    By:  s/ *Deannna A. Dean-Webster*
        Deanna A. Dean-Webster, #14537-48A
        Attorneys for Defendant,
        Meijer Stores Limited Partnership

## CERTIFICATE OF SERVICE

Service of the foregoing was made by electronic filing this 20th day of May 2011.

Notice of this filing will be electronically sent to by operation of the Court's system to:

| | |
|---|---|
| Brian D. Larson | Charles P. Dargo |
| 9151 N. 1200 W. | 9151 N. 1200 W. |
| Demotte, IN 46310 | Demotte, IN 46310 |
| larson@bettercallmylawyer.com | dargo@bettercallmylawyer.com |

<span style="text-align:right">*s/ Deanna A. Dean-Webster*</span>

Service of the foregoing was made by placing a copy of the same into the United States mail, postage pre-paid this 20th day of May 2011, addressed to:

Linda L Harris
Law Office of Linda L Harris PC
214 North 3rd St
Kentland, IN 47951

<span style="text-align:right">*s/ Deanna A. Dean-Webster*</span>

Deanna A. Dean-Webster
DEAN-WEBSTER, WRIGHT & KITE, LLP
50 South Meridian Street, Suite 500
Indianapolis, IN 46204
(317) 624-1306
dean@dwwklaw.com