UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

```
TRACY RIEGLE, DAVID RIEGLE,    )
                               )
          Plaintiffs           )
                               )
     v.                        )   Case No. 4:08 cv 74
                               )
MEIJER STORES LIMITED          )
PARTNERSHIP,                   )
                               )
          Defendant            )
```

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 28] filed by the defendant, Meijer Stores Limited Partnership, on March 31, 2011. For the following reasons, the motion is **GRANTED**.

Background

The plaintiff, Tracy Riegle, was shopping in the produce department at the Meijer store located at 4901 State Road 26 E, Lafayette, Indiana, on August 9, 2006. Riegle was pushing a shopping cart and walking around a box of watermelons located on a wooden pallet when she felt pain and noticed a cut on her leg. Riegle's eight-year-old daughter saw blood and removed a piece of wood from Riegle's skin. The cut was on the front of Riegle's shin, about 15 centimeters above her ankle, and ran vertical.

At her deposition, Riegle admitted that she did not know if the wooden pallet itself or a piece of wood sticking out from the pallet pierced her skin. Riegle could not offer an explanation

for why the cut ran vertical, rather than horizontal, how her foot came in contact with the wooden pallet, or why the cut was located approximately 15 centimeters above her ankle. Riegle denied stepping or standing on the pallet and acknowledged that the pallet had green and red tape to bring attention to its corners and warn shoppers. However, the pallet extended beyond the red and green markings. Riegle offered no insight on what Meijer did or did not do that caused her injury, but she believes Meijer should have had a more noticeable warning.

At the time of the injury, Riegle had pre-existing neuropathy and no feeling in both of her lower extremities. Riegle had three toes on her left foot amputated and four on her right. The amputations affected her stability.

Riegle filed a complaint against Meijer alleging that Meijer unreasonably permitted a dangerously defective condition to exist on its premises, and as a result of Meijer's negligence, Riegle suffered injury. Meijer now moves for summary judgment, arguing that Riegle has insufficient evidence to support her allegation of negligence.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is

entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Stephens v. Erickson,* 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Stephens*, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. *Ashman v. Barrows,* 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. *Wheeler*, 539 F.3d at 634 (*citing Anderson*, 477

U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> ***Anderson***, 477 U.S. at 250, 106 S.Ct. at 2511

See also ***Reeves v. Sanderson Plumbing Prods., Inc.***, 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000) (setting out the standard for a directed verdict); ***Celotex Corp.***, 477 U.S. at 322-23, 106 S.Ct. at 2553; ***Stephens,*** 569 F.3d at 786; ***Argyropoulos v. City of Alton***, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); ***Springer v. Durflinger,*** 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the

nonmoving party).

The elements that a plaintiff must prove to succeed on a negligence claim in Indiana are (1) a duty owed to the plaintiff, (2) a breach of that duty by the defendant, and (3) damages proximately caused by the breach. *Bond v. Walsh & Kelly, Inc.*, 869 N.E.2d 1264, 1266 (Ind. App. 2007)(*citing Peters v. Foster*, 804 N.E.2d 736, 742 (Ind. 2004)). Breach of a duty and proximate cause issues generally are questions of fact. *See Peters* 804 N.E.2d at 743; *King v. Northeast Security, Inc.*, 790 N.E.2d 474, 484 (Ind. 2003). Only where the facts are undisputed and lead to but a single inference or conclusion, may a court as a matter of law determine whether a breach of duty has occurred. *King*, 790 N.E.2d at 484; *Cullop v. State*, 821 N.E.2d 403, 407 (Ind. App. 2005); *Oxley v. Lenn*, 819 N.E.2d 851, 856 (Ind. App. 2004).

"Generally, whether a duty exists is a question of law for the court to decide." *Rhodes v. Wright*, 805 N.E.2d 382, 386 (Ind. 2004)(*citing Hooks SuperX, Inc. v. McLaughlin*, 642 N.E.2d 514, 517 (Ind. 1994)). "The question of whether a duty is owed in premises liability cases depends primarily upon whether the defendant was in control of the premises when the accident occurred." *Yates v. Johnson County Bd. of Commissioners*, 888 N.E.2d 842, 847 (Ind. App. 2008)(*citing Beta Steel v. Rust*, 830 N.E.2d 62, 70 (Ind. App. 2005)). Determining the existence of a

duty may depend upon underlying facts that require resolution by a trier of fact. *Rhodes*, 805 N.E.2d at 386-87.

"The nature and extent of a landowner's duty to persons coming on the property is defined by the visitor's status as an invitee, a licensee, or a trespasser." *Harradon v. Schlamadinger*, 913 N.E.2d 297, 300 (Ind. App. 2009)(*citing Rhoades v. Heritage Inv., LLC*, 839 N.E.2d 788, 791 (Ind. App. 2005)). An invitee is owed the highest duty of care: "the duty to exercise reasonable care for the invitee's protection while he or she is on the premises." *Harradon*, 913 N.E.2d at 300-01. The duty owed to a licensee is to refrain from willfully or wantonly injuring him or acting in a manner to increase his peril, which includes the duty to warn a licensee of any latent or non-obvious danger on the premises of which the landowner has knowledge. *Yates*, 888 N.E.2d at 848. A trespasser is owed merely the duty to refrain from wantonly or willfully injuring him after discovering his presence. *Yates*, 888 N.E.2d at 848-49.

In *Yates,* the court discussed the various duties of a landowner with respect to an invitee:

> An invitee is a person who is invited to enter or to remain on another's land. There are three categories of invitee: the public invitee, the business visitor, and the social guest. Licensees and trespassers are persons who enter the land of another for their own convenience, curiosity, or entertainment and take the premises as they find them. Unlike

6

> trespassers, however, licensees have a privilege to enter or remain on the land by virtue of the landowner's or occupier's permission or sufferance. In determining whether an individual is an invitee or a licensee, the distinction between the terms "invitation" and "permission" is critical. (internal cites and quotes omitted)
>
> 888 N.E.2d at 849

The Second Restatement of Torts defines a public invitee as "a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public" and a business visitor as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement (Second) of Torts, §332(2)-(3)(1965).

A customer generally is an invitee on the business owner's property and is owed the highest degree of care. ***Burrell v. Meads***, 569 N.E.2d 637, 642 (Ind. 1991). Indiana has adopted the Second Restatement of Torts which explains the duty of care a business owner owes to an invitee:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will

7

> not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts §343

See also **Robinson v. Wal-Mart Stores East, LP**, 2009 WL 127029, *4 (S.D. Ind. 2009) (Although a business owner is not an insurer of safety, he owes patrons a duty to exercise reasonable care and survey his property for defects and dangerous conditions). The plaintiff carries the burden of proving each of these elements of her claim. **Hi-Speed Auto Wash, Inc. v. Simeri,** 346 N.E.2d 607, 608 (Ind. App. 1976); **Robinson**, 2009 WL 127029 at *4.

In order to establish that the business owner knew or should have known of the dangerous condition, the plaintiff must articulate how she was injured. **Robinson**, 2009 WL 127029 at *4. Otherwise, the trier of fact is forced to speculate how the injury occurred and whether the defendant should have known of the assumed cause of the injury. Such speculation is not permitted. **Robinson**, 2009 WL 127029 at *4. The trier of fact may not infer negligence when it relies purely on speculation or conjecture. **Hayden v. Paragon Steakhouse**, 731 N.E.2d 456, 458 (Ind. App. 2000).

In *Robinson*, the plaintiff suffered an injury to her eye when she tried on a pair of sunglasses at Wal-Mart. *Robinson*, 2009 WL 127029 at *1. The plaintiff was unable to clarify what struck her in the eye, and she could not verify whether the sunglasses, price tag, or something else caused her injury. *Robinson*, 2009 WL 127029 at *4. The court concluded that "without evidence of how her eye was injured, Plaintiff cannot meet her burden of demonstrating that Defendant should have known that the sunglasses presented an unreasonable risk of harm to her." *Robinson*, 2009 WL 127029 at *4.

Riegle faces a similar dilemma. The parties agree that Riegle was an invitee and was owed the highest degree of care. However, Meijer argues that Riegle has insufficient evidence to establish that Meijer knew or should have known of the dangerous condition created by the wood pallet. Riegle is unable to articulate how her injury occurred, and she could not explain whether she was cut by a pre-existing splinter, the pallet itself, or whether the cut resulted from some other cause. In her response brief, Riegle has not suggested that evidence exists to explain the cause of her injury, nor does Riegle advance a plausible theory on the true cause of her injury. This is fatal to Riegle's claim.

Absent some evidence suggesting how Riegle was injured, the court cannot submit to the jury the question of whether Meijer had knowledge of an unreasonably dangerous condition. If the court were to do so, it would allow the jury to speculate to the true cause of Riegle's injury and to draw a conclusion of negligence from its speculation. See **Hayden**, 731 N.E.2d at 458. This is not to say that Riegle is required to submit direct proof of her injury, but at this stage in the litigation she must refer the court to some evidence that would support her theory on the cause of her injury.

The distinction between whether her injury was caused by the pallet itself or a pre-existing splinter becomes important when determining whether Meijer had knowledge of the condition. If Riegle was injured by a pre-existing splinter sticking out from the pallet, she would also have to show that the splinter existed for a sufficient duration so that Meijer knew or should have known that it was protruding from the pallet and posed a danger to its invitees. Meijer again challenges Riegle's ability to meet this burden, and Riegle has not presented any evidence to show that Meijer knew or should have known that a splinter was protruding from the pallet.

If, on the other hand, Riegle were to advance the theory that the pallet itself, rather than a pre-existing splinter,

caused her injury, Riegle would have the burden of establishing that the pallet was inherently dangerous and that Meijer should have been aware of the threat it posed to its customers. In this case, Meijer presumably was aware that the wooden pallet was located on the floor of the store, eliminating the need for Riegle to prove Meijer's awareness of the pallet. However, Meijer questions the availability of evidence tending to prove that the wooden pallet in and of itself was an unreasonable danger that Meijer should have anticipated its customers would not protect themselves from.

Riegle must present factual evidence to support each element of her claim. See **Hayden**, 731 N.E.2d at 458 (explaining that there must be factual evidence of each element). This means that Riegle must show that the pallet was both unreasonably dangerous and that Meijer should have anticipated that, despite the obviousness of the danger, customers would not protect themselves from it. Riegle's sole argument in opposition is that Meijer is liable for the inherent risks of its operation and that the defendant should have known the pallet, extending beyond the box of watermelons, posed a risk. Riegle has offered no evidence to show that a stationary wooden pallet located in a store is inherently unreasonably dangerous. Riegle has not pointed to

other incidents or shown that the type of wood the pallet was made of is prone to splintering and posed a threat to customers.

Although rare, summary judgment must be awarded in negligence cases where the plaintiff has failed to submit any evidence to support the basic elements of her claim. Riegle has not articulated any basis for her claim and has provided little reasoning beyond concluding that negligence actions are seldom decided on summary judgment. Riegle believes that Meijer is liable for the inherent risks of its operation. However, business owners are not insurers of their customers' safety. Riegle was burdened with the task of showing that Meijer knew or should have known of an unreasonable danger, and she has failed to submit any evidence suggesting the same. Absent some indication that there is evidence explaining the cause of the accident, the court cannot allow the matter to proceed forward so that the trier of fact may draw conclusions of negligence upon a speculative cause of injury. Riegle has failed to satisfy her burden and summary judgment must be entered in favor of Meijer.

_____

For the foregoing reasons, the Motion for Summary Judgment [DE 28] filed by the defendant, Meijer Stores Limited Partnership, on March 31, 2011, is **GRANTED.**

ENTERED this 23rd day of June, 2011

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge